IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WARREN OLIVER,

    Plaintiff,

v.                                                        CASE NO. 5:13-cv-209-WS-GRJ

CASS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a Florida Department of Corrections (DOC) inmate, is proceeding pursuant to a second amended complaint pursuant to 42 U.S.C. § 1983 (Doc. 11) and has been granted leave to proceed as a pauper (Doc. 7). Plaintiff has named 15 defendants in his suit, and his allegations stem from incidents in February 2012 involving the alleged administration of chemical agents without justification, retaliatory threats, refusal of medical care, and denial of due process in a disciplinary hearing. (Doc. 11.) Having reviewed the Second Amended Complaint, the undersigned finds that Plaintiff has failed to state a claim against Defendants Nobles, Hayes, Brown, Mason, McDowell, Davis, or Bowen and claims against these defendants are due to be dismissed. Service will be directed as to the remaining defendants by separate order.

## Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court must screen prisoner complaints which seek redress from a governmental entity or officer or employee of such an entity. Section 1915A(b) requires the court to dismiss a prisoner complaint that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune

defendant.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). To state a claim for relief under Title II of the ADA, a plaintiff must allege that (1) he is a "qualified individual with a disability," (2) he was "excluded from participation in or . . . denied the benefit of the services, programs, or activities of a public entity," or otherwise "discriminated [against] by such an entity," (3) "by reason of such disability." 42 U.S.C. § 12132. The ADA's protections against discrimination apply to state prison inmates. *See, e.g., Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998).

If a litigant cannot state a claim or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-82 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

## Discussion

Plaintiff has failed to state a claim for relief against Defendants Nobles or Bowen. His only allegations against Defendant Nobles (Assistant Warden) nad Defendant Bowen (FDOC Central Office) is that they denied his grievances. "[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Plaintiff makes no factual allegations suggesting that Defendant Nobles or Bowen had any personal connection to the alleged violation of Plaintiff's civil rights sufficient to trigger liability under §1983.

Plaintiff alleges that Defendant Hayes investigated his complaint and interviewed him but "covered up the fact that the officers excessive force was justified." (Doc. 11, p. 8.) Despite the Court's previous admonition to Plaintiff that the scant factual details and conclusory allegations that Investigator Hayes engaged in a "cover up" was insufficient to state a claim for a constitutional violation (Doc. 9), Plaintiff has failed to allege sufficient details to move the claims "across the line from conceivable to plausible." *Ashcraft v. Iqbal,* 556 U.S. 662, 682 (2009).

Plaintiffs claims against Counselor Brown, Dr. Mason, Nurse McDowell, and Nurse Davis–presumably based on a theory of deliberate indifference to his medical needs–are similarly flawed. The extent of his allegations against Counselor Brown and Nurse Davis are that "Mr. Brown was there in Q-dorm. I called Mr. Brown and told him I need some help, I declared a psych emergency and Nurse Davis came and told me he is not doing anything for me and walked off." (Doc. 11, p. 8.) Plaintiff goes on to say that another counselor saw him and had a psychiatrist, Dr. Mason, see Plaintiff.

Plaintiff's allegations against Dr. Mason are that he saw Plaintiff and put him on medication but did not send him to separate psychiatric housing. As for Nurse McDowell, Plaintiff alleges that after he was sprayed with chemical agents, he told her his ankle and eyes were hurting and he couldn't breathe sometimes and she stated that he "will be alright." (*Id.*). Plaintiff goes on to make the conclusory allegation that "Nurse A. McDowell as deliberately indifferent to my health and safety." (*Id.*).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. To establish an Eighth Amendment violation stemming from the deprivation of medical attention, the prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A claim that a prisoner has been deprived of medical attention requires that the prisoner demonstrate (1) "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]" *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb*

*County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); Chance *v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ( "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.").

Plaintiff factual allegations simply do not rise to the level of a constitutional violation and are for the most part conclusory, with no factual support. He essentially states that he was seen by a counselor and a psychiatrist, prescribed medicine, but feels that he should have been transferred to a different housing area. The decision as to the type of treatment that is provided is a "classic example of a matter for medical judgment," that does not provide a basis for Eighth Amendment liability. *Estelle* 429

U.S. at 107 ("A medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment.")

In sum, for the purposes of initial screening, the Court concludes that the allegations of the Second Amended Complaint as to Defendants Nobels, Hayes, Brown, Mason, McDowell, Davis, and Bowen are due to be dismissed.

## Conclusion

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's claims against Defendants Nobles, Hayes, Brown, Mason, McDowell, Davis, and Bowen be **DISMISSED** 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** in Gainesville, Florida, on the 12th day of November 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**