IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WARREN OLIVER,

    Plaintiff,

v.                                               CASE NO. 5:13-cv-209-WS-GRJ

ADAMS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 30, Plaintiff's second motion for a temporary restraining order ("TRO"). Some of the Defendants in this case have been served (Defendants Barfield, Adams, Cass), but there has been no appearance of counsel on behalf of any Defendant and responsive pleadings are not due until mid-February. In his motion for a TRO, Plaintiff makes vague allegations about potential future limits on access to the courts or medical care and fear of harassment. He asks the Court to enjoin Defendants from "having authority" over him or retaliating against him. (Doc. 30.)

Plaintiff has failed to demonstrate entitlement to a temporary restraining order. Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, a court may issue a temporary restraining order without notice to the adverse party only if:

> [S]pecific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Plaintiff has made no attempt to certify any efforts he has made to give notice to

Defendants or why notice should not be required.  Accordingly, his motion does not comply with Rule 65(b)(1)(B) and is procedurally defective on its face.  Furthermore, although Plaintiff contends that Defendants are somehow going to retaliate against him, he has failed to show that immediate and irreparable injury will occur before Defendants can be heard.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order (Doc. 30) be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida this 23rd day of January 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**